UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER HERNANDEZ GARCIA, *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>ANDY STRANGE GRADING, INC. and ANDY STRANGE,<br><br>Defendants. | Civil Action No.:<br><br>_____ |

**COMPLAINT**

Named Plaintiff Christopher Hernandez Garcia ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Complaint against Defendants Andy Strange Grading, Inc. ("ASG") and Andy Strange ("Mr. Strange") (collectively, "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

1.

In this collective action for unpaid wages brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. 201 *et seq.*, Named Plaintiff alleges that Defendants willfully violated the FLSA by failing to compensate him and other similarly situated individuals who worked for Defendants as truck drivers ("ASG Drivers") for all hours worked, including those in excess of 40 per week

at the required overtime premium rate, by (a) refusing to pay overtime wages for mandatory return trips that caused their employees to work in excess of 40 hours each week and (b) automatically deducting time for meal periods in excess of the time permitted for meals.

## THE PARTIES

2.

ASG is a domestic for-profit corporation with its principal office address located at 2820 Barrett Rd, Gainesville, GA, 30507 ("the Gainesville Office").

3.

ASG may be served through its registered agent, Mr. Strange, at 2820 Barrett Rd, Gainesville, GA, 30507.

4.

ASG employs CDL licensed drivers to transport items including roll-off containers, dirt and gravel, and vegetation with the help of heavy machinery to commercial and residential developments within the state of Georgia.

5.

Mr. Strange is the CEO of ASG and a resident of Jackson County, GA.

6.

Mr. Strange may be served at his home, place of business or wherever he may be found.

7.

Named Plaintiff worked for ASG within the three years preceding the filing of this Complaint.

8.

Named Plaintiff worked for ASG as an hourly-paid driver.

9.

Named Plaintiff consents in writing to join this action under 29 U.S.C. § 216(b). (*See* Exhibit 1)

10.

Other similarly situated individuals are interested in joining this action. (*See* Exhibit 2)

## JURISDICTION AND VENUE

11.

Under 28 U.S.C. § 1331, this Court has jurisdiction over ASG Drivers' claims because their claims raise questions of federal law.

12.

Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B), venue is proper in this division because Defendants reside in this division or a substantial part of the events or omissions giving rise to the claims occurred in this division.

13.

ASG is subject to personal jurisdiction in this Court because it is a Georgia corporation, conducts substantial business in Georgia, and has a registered agent in Georgia.

14.

Mr. Strange is subject to personal jurisdiction in this Court because he is a Georgia resident.

15.

Venue is proper for Defendants because they have significant contacts with and are based out of Hall County and Jackson County, GA which are members of the Gainesville division of the Northern District of Georgia.

**DEFENDANTS ARE COVERED BY THE FLSA**

16.

ASG is an enterprise engaged in commerce and the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

17.

ASG employs two or more individuals who regularly communicate across state lines using the internet, mail, and telephone while performing their job duties.

18.

ASG Drivers handle and use materials that have traveled through interstate commerce, such as dump trucks, graders, excavators, loaders, bulldozers, dumpsters and roll-off containers, while performing their job duties.

19.

ASG employs two or more individuals who process credit card transactions while performing their job duties.

20.

ASG's gross annual sales and business done for each of the three years preceding the filing of this Complaint exceeds $500,000.00.

**DEFENDANTS EMPLOYED ASG DRIVERS**

21.

Mr. Strange incorporated ASG in 2001.

22.

Since at least 2001, Mr. Strange has served as the CEO of ASG.

23.

Mr. Strange was, and continues to be, actively involved in the day-to-day operations of ASG.

24.

Mr. Strange has the authority to recruit, hire, promote, and fire ASG

5

Drivers.

25.

Mr. Strange determines the employment policies applicable to ASG Drivers and had the authority to modify those policies.

26.

Mr. Strange determines how much, and in what manner, ASG Drivers were compensated.

27.

Mr. Strange maintains the employment records for ASG Drivers' tenures of employment with ASG.

## BACKGROUND FACTS

28.

ASG is a construction company owned and operated by Mr. Strange that provides roll-off container delivery, commercial and residential grading, and debris removal services across North Georgia and Metro-Atlanta.

29.

Neil Gustafson serves as ASG's General Manager and has continuously served in that capacity at all relevant times.

30.

Brian Fox served as the immediate supervisor for ASG Drivers.

31.

Named Plaintiff worked as an ASG Driver from June 2024 through November 2024.

32.

In their respective roles, ASG Drivers' job duties included delivering roll-off containers and dumpsters and operating heavy machinery.

33.

ASG Drivers regularly traveled from worksite to worksite on behalf of Defendants during regular business hours.

34.

Defendants set schedules for ASG Drivers and determined the number of hours ASG Drivers worked.

35.

Defendants often required ASG Drivers to work in excess of 40 hours a week.

36.

Defendants tracked ASG Drivers' time by utilizing a time clock.

## DALLAS JOB SITE END OF SHIFT POLICY

37.

On or about October 22, 2024, ASG implemented a new end of shift policy for ASG drivers delivering materials to a job site in Dallas, GA ("the Dallas Job Site").

38.

This new policy lasted for several weeks in October and November.

39.

Instead of having ASG Drivers return dump trucks and other commercial vehicles to the Gainesville Office as ASG Drivers previously did, ASG Drivers were instructed to leave their commercial vehicles at the Dallas Job Site and return to the Gainesville Office together in one van.

40.

The Dallas Job Site is located approximately 90 miles away from the Gainesville Office.

41.

The commute between the Dallas Job Site and the Gainesville Office can take over two and a half hours.

42.

Commuting from the Dallas Job Site to the Gainesville Office contributed

to ASG Drivers regularly working in excess of 40 hours each week.

43.

While the new policy required ASG Drivers to return to the Gainesville Office together, Defendants only paid the driver of the van his regular rate for the duration of the return trip.

44.

Defendants removed all return trip time after the first hour for ASG Drivers who were passengers ("Passenger Employees") from their time clocks.

45.

As a result of the policy, Passenger Employees lost hours of overtime pay each week during the duration of construction at the Dallas Job Site.

46.

Although the FLSA requires an employer to pay its employees who are sent to a job site and required to return to their employer's premises prior to returning home for all of their time, Defendants refused to pay Passenger Employees for all of their time.

47.

Instead of paying Passenger Employees for the duration of their return commute, Defendants only agreed to pay for the first hour of travel at the Passenger Employees' regular rates.

48.

Defendants provided no compensation to Passenger Employees for any time spent returning to the Gainesville Office, as required, after the first hour.

49.

Named Plaintiff and several ASG Drivers consented to the policy because a former ASG Driver, Brian Phillips, was terminated for complaining that the policy was illegal.

50.

ASG Drivers also consented to the policy because they were told by Mr. Gustafson that if the policy was an issue, he would "just get some operators to go down and drive the dump trucks until [that] job [was] finished".

51.

ASG Drivers reasonably believed that they would lose their jobs and be replaced by unlicensed drivers if they voiced their complaints.

**MEAL BREAK POLICY**

52.

Defendants provided ASG Drivers with a 30-minute meal break during each shift.

53.

Defendants automatically deducted meal breaks for ASG Drivers.

54.

Defendants do not pay ASG Drivers for automatically deducted meal breaks.

55.

At times, Defendants requested ASG Drivers end their meal breaks early.

56.

On numerous occasions during Name Plaintiff's employment, Defendants required Plaintiff to end his meal break in less than 30 minutes to deliver resources to customers at an earlier arrival time.

57.

Defendants automatically deducted meal breaks from ASG Drivers time records and failed to pay for meal breaks that did not qualify as bona-fide meal periods.

**COUNT I: VIOLATION OF THE FLSA- OVERTIME**

58.

The FLSA requires employers to compensate employees who are on duty at a prescribed workplace and requires payment for all hours worked, including those over 40. 29 C.R.F. § 553.221(b).

59.

ASG Drivers were entitled to be paid for all hours worked during the

continuous workday, including those in excess of 40 per work week, which must be paid at a rate of one and one-half times the regular rate.

60.

ASG Drivers regularly worked more than 40 hours per week while employed by Defendants.

61.

Defendants failed to pay ASG Drivers 1.5 times their regular rate of pay for hours worked over 40 per workweek that were related to mandatary return trips from the Dallas Job Site.

62.

Defendants suffered or permitted ASG Drivers to work hours in excess of 40 during the duration of construction at the Dallas Job Site.

63.

Defendants knew that ASG Drivers worked more than 40 hours a week during the duration of construction at the Dallas Job Site.

64.

Despite knowing that ASG Drivers worked more than 40 hours per week, Defendants chose not to pay ASG Drivers the proper overtime premium rate for all hours worked over 40 per workweek.

65.

Defendants violated the FLSA's overtime provision willfully and with reckless disregard for ASG Drivers' rights.

66.

Defendants automatically deducted more time for meal periods than ASG Drivers actually received.

67.

Defendants failed to include this automatically deducted work time when calculating the hours worked.

68.

Defendants' policy of making automatic deductions unlawfully denied ASG Drivers compensation for all hours worked during the continuous workday, including hours worked in excess of 40 per week.

69.

Defendants are liable to ASG Drivers for all unpaid overtime wages, an equal amount in liquidated damages, interest, and attorneys' fees and costs of litigation.

**DEMAND FOR JUDGMENT**

ASG Drivers respectfully request that the Court:

I. Conditionally certify this case as a collective action under 29 U.S.C. §

216(b) and approve the issuance of a notice of this lawsuit to similarly situated collective action class members informing them of their right to join this action;

II. Declare that Defendants' actions, policies, and practices violated, and continue to violate, the rights of Named Plaintiff and other similarly situated under the FLSA;

III. Declare that Defendants' violations of the rights of Named Plaintiff and other similarly situated under the FLSA were willful;

IV. Award Named Plaintiff and others similarly situated all unpaid wages for a period of three years;

V. Award Named Plaintiff and others similarly situated liquidated damages in an amount equal to their unpaid wages;

VI. Award Named Plaintiff and others similarly situated their reasonable attorneys' fees, costs, and expenses;

VII. Award all other relief to which Named Plaintiff and others similarly situated may be entitled.

VIII. Award pre- and post- judgment interest at the maximum rates allowable by law; and

IX. Award all other just and appropriate relief to which ASG Drivers may be entitled.

## DEMAND FOR JURY TRIAL

Named Plaintiff, on behalf of himself and others similarly situated, requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted, this January 9, 2025.

|  |  |
|---|---|
| **PARKS, CHESIN & WALBERT, P.C.**<br>1355 Peachtree Street NE<br>Suite 2000<br>Atlanta, GA 30309<br>Telephone:  404-873-8000<br>jmays@pcwlawfirm.com<br>jdean@pcwlawfirm.com | John L. Mays<br>Georgia Bar No. 986574<br>James D. Dean<br>Georgia Bar No. 696656<br>*Counsel for Plaintiff* |